IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER WHITTAKER,

        Plaintiff,

v.                           No. 18cv122 RB/SCY

JOSEPH BRONK, Director of Agriculture
for the Pueblo of Santa Ana,
LARENCE MONTOYA, Governor of
the Pueblo of Santa Ana, and
PUEBLO OF SANTA ANA,

        Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed February 6, 2018 ("Complaint"), and on his Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed February 6, 2018 ("Application"). For the reasons stated below, the Court will **DISMISS** this case **without prejudice** and **DENY** Plaintiff's Application as moot.

Plaintiff alleges that he entered into a contract with the Pueblo of Santa Ana to develop a site to harvest grapes to be purchased by local wine maker Gruet. Plaintiff alleges that Defendants breached the contract by not paying Plaintiff.

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"). "As sovereign powers, federally-recognized Indian tribes possess immunity from suit in federal court," including "suits on contracts, whether those contracts involve governmental or commercial activities and whether

they were made on or off a reservation." *Native Am. Distr. v. Seneca-Cayuga Tobacco Co.*, 546 F.3d 1288, 1292 (10th Cir. 2008). A tribe's "immunity from suit may only be overcome in one of two ways. First, Congress has the power to abrogate the tribe's immunity. Second, the tribe can waive its own immunity. In either event, a waiver of sovereign immunity cannot be implied but must be unequivocally expressed." *Native Am. Distrib.*, 546 F.3d at 1293, 1296 ("a tribe's immunity generally immunizes tribal officials from claims made against them in their official capacities"). Plaintiff's Complaint does not contain "a short and plain statement of the grounds for the court's jurisdiction" as required by Rule 8(a)(1) of the Federal Rules of Civil Procedure, and does not allege that Congress has abrogated the Pueblo of Santa Ana's immunity or that the Pueblo of Santa Ana has waived its immunity.

The Court does not have jurisdiction over this matter. *See Evitt v. Durland*, 243 F.3d 388, at *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 843 (10th Cir. 1988). The Court will dismiss the Complaint without prejudice for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

**IT IS ALSO ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed February 6, 2018, is **DENIED as moot.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**